IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DONALD HINTON,

    Plaintiff,

v.                                                                            Civil Action No. **3:18CV59**

MARK AMONETTE, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Donald Hinton, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. The matter is before the Court on Hinton's failure to serve Defendants Calhoun, Corion Health Care Group, the Geo Group, Inc., and McCabe and the Motion to Dismiss filed by Defendants Amonette and Clarke.

### I. Service Issues

Pursuant to Federal Rule of Civil Procedure 4(m), Hinton had ninety (90) days from the filing of the complaint to serve the defendants.[1] Here, that period commenced on December 6, 2018. More than ninety (90) days elapsed and Hinton failed to serve Defendants Calhoun, Corion Health Care Group, the Geo Group, Inc., and McCabe. Accordingly, by Memorandum Order entered on March 20, 2019, the Court directed Hinton to show good cause for his failure to serve the above defendants. Hinton responded.

---

[1] Rule 4(m) provides, in pertinent part:

    If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Rule 4(m) requires that, absent a showing of good cause, the Court must dismiss without prejudice any complaint in which the plaintiff fails to serve the defendant within the allotted 120-day period. Fed. R. Civ. P. 4(m). Courts within the United States Court of Appeals for the Fourth Circuit found good cause to extend the 90-day time period when the plaintiff has made "reasonable, diligent efforts to effect service on the defendant." *Venable v. Dep't of Corr.*, No. 3:05cv821, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007) (quoting *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999)). Neither *pro se* status nor incarceration constitutes good cause. *Sewraz v. Long*, No. 3:08CV100, 2012 WL 214085, at *1–2 (E.D. Va. Jan. 24, 2012) (citing cases).

Here, Hinton fails to offer any coherent explanation of his efforts to provide a viable service address for Defendants Calhoun, Corion Health Care Group, the Geo Group, Inc., and McCabe during the 90-day service window. Instead, Hinton appears to argue that he has properly served a copy of each document upon the two Defendants who have responded, Defendants Amonette and Clarke. Because Hinton fails to demonstrate good cause, all claims against Defendants Calhoun, Corion Health Care Group, the Geo Group, Inc., and McCabe will be DISMISSED WITHOUT PREJUDICE.

## II. Standard for a Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan*

*Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243

(4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. Summary of Pertinent Allegations

The matter is currently proceeding on Hinton's Second Particularized Complaint ("Complaint," ECF No. 19).[2] Harold Clarke is the Director of the Virginia Department of Corrections ("VDOC"). (*Id.* at 3.) Although Hinton has Hepatitis C, Defendant Clarke has promulgated a policy that denies inmates medication for Hepatitis C "solely because of cost. 'The policy states you must be real sick with this deadly virus' before medication can be given . . . ." (*Id.* at 3.) Defendant Clarke promulgated this policy despite the fact that the available medication can cure the Hepatitis C virus if provided in the earlier stages of the infection. (*Id.*)

Mark Amonette, is the Chief Medical Director of the VDOC. (*Id.* at 4.) In this capacity, Defendant Amonette enforces the above-described policy. (*Id.*) Defendant Amonette "say[s] you must be real sick with the deadly virus, before treating the virus . . . ." (*Id.*) This policy violates Hinton's rights to be protected "from not only ongoing harm, but also against the risk of future harm." (*Id.* (internal quotation marks omitted).)

Hinton demands monetary damages and injunctive relief. (*Id.* at 7.)

### IV. Analysis

To make out an Eighth Amendment claim, an inmate must allege facts that indicate "(1) that objectively the deprivation suffered or harm inflicted was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294,

---

[2] The Court corrects the capitalization, punctuation, and spelling in the quotations from Hinton's submissions.

298 (1991)). Under the objective prong, the inmate must allege facts that suggest that the deprivation complained of was extreme and amounted to more than the "routine discomfort" that is "part of the penalty that criminal offenders pay for their offenses against society." *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "In order to demonstrate such an extreme deprivation, a prisoner must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (quoting *Strickler*, 989 F.2d at 1381).

In order to state an Eighth Amendment claim for denial of adequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citing *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986)). Furthermore, in evaluating a prisoner's complaint regarding medical care, the Court is mindful that "society does not expect that prisoners will have unqualified access to health care" or to the medical treatment of their choosing. *Hudson*, 503 U.S. at 9 (citing *Estelle*, 429 U.S. at 103–04). In this regard, the right to medical treatment is limited to that treatment which is medically necessary and not to "that which may be considered merely desirable." *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977).

The subjective prong of a deliberate indifference claim requires the plaintiff to allege facts that indicate a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference

5

is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle*, 429 U.S. at 105–06).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Quinones*, 145 F.3d at 168 (citing *Farmer*, 511 U.S. at 837); *see Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997) (stating same). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich*, 129 F.3d at 340 n.2).

Hepatitis C constitutes a serious medical need. *See Loeber v. Andem*, 487 F. App'x 548, 549 (11th Cir. 2012) ("That Hepatitis C presents a serious medical need is undisputed." (citing *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004))). However, "the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment." *Estelle*, 429 U.S. at 107. Nevertheless, "[w]hether a course of treatment was the product of sound medical judgment, negligence, or deliberate indifference depends on the facts of the case." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998). Here, the Complaint indicates the limitation of further testing or treatment for

6

Hinton's Hepatitis C was driven not by medical judgment, but by Defendants' policy of not treating Hepatitis C in its initial stages, where it is most amenable to treatment, for reasons of cost. *See id.* at 704 (reversing grant of a motion to dismiss where dentists recommended extractions rather than fillings "not on the basis of their medical views, but because of monetary incentives"). Such allegations are sufficient, at this stage, to indicate Defendants acted with deliberate indifference. *See Pardee v. Conmed Healthcare Mgmt., Inc.*, No. 3:13CV703, 2015 WL 965950, at *5 (E.D. Va. Mar. 4, 2015) (citing *Chance*, 143 F.3d at 704).

Defendants contend that they are not liable to Hinton because they did not deny "treatment to Hinton, interfer[e] with his medical treatment, or otherwise ignore[] his medical needs." (ECF No. 24, at 6.) That is precisely what Hinton alleged. Hinton alleges that Defendants interfered with his medical treatment by promulgating and enforcing a policy that prohibits treatment for Hepatitis C in its earliest stages when it is most likely to be cured. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004) (affirming denial of motion to dismiss where supervisory officials were "alleged to have had responsibility for enforcing or allowing the continuation of the challenged policies that resulted in the denial of [inmate's] treatment" (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995))). Accordingly, the Motion to Dismiss (ECF No. 23) will be DENIED.

## V. Conclusion

All claims against Defendants Calhoun, Corion Health Care Group, the Geo Group, Inc., and McCabe will be DISMISSED WITHOUT PREJUDICE. The Motion to Dismiss (ECF No. 23) will be DENIED. Hinton's Motion to File an Affidavit (ECF No. 26) will be GRANTED to the

7

extent the affidavit is filed. Any party wishing to file a Motion for Summary Judgment must do so within sixty (60) days of the date of entry hereof.

An appropriate Order will accompany this Memorandum Opinion.

Date: 9 May 2019
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge